UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RAMACHANDRAN SEETHARAMAN )  **05 11105 RWZ**
                    Plaintiff,       )
                                     )
v.                                   )
                                     )        CIVIL ACTION NO.
STONE & WEBSTER, INC., a subsidiary  )
of SHAW GROUP, INC., JOE GREEN MAGISTRATE JUDGE _____
NICK ZERVOS, DAVID EDWARDS           )        RECEIPT # ____
AND JOHN MARTIN,                     )        AMOUNT $_____
          Defendants.                )        SUMMONS ISSUED ____
                                     )        LOCAL RULE 4.1 ____
                                     )        WAIVER FORM ____
                                              MCF ISSUED ____
                                              BY DPTY. CLK. ____
**NOTICE OF REMOVAL**                         DATE ____

To the Honorable Judges of the United States District Court for the District of Massachusetts.

Petitioners Stone & Webster, Inc., Joe Green, Nick Zervos, David Edwards and John

Martin, being all defendants in the above-captioned action, state:

1.      Plaintiff Ramachandran Seetharaman ("Seetharaman") commenced this civil

action in the Trial Court of Massachusetts, Superior Court Department, Middlesex County (the

"Superior Court"), Civil Action No. 05-0376, and it is now pending in that court. Process was

served upon each defendant on April 28, 2005.

2.      All defendants desire to exercise their rights under the provisions of 28 U.S.C.

§§1441, *et seq.*, to remove this action from the Superior Court.

3.      This is an action in which the District Courts of the United States have original

jurisdiction under the provisions of 28 U.S.C. §§1331 and 1343 in that it is a civil action that

arises under the Constitution, laws or treaties of the United States and is alleged to be one to

recover damages by any act done in furtherance of any conspiracy mentioned in 42 U.S.C. §1985

and/or to recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in 42 U.S.C. §1985.

In Count V of his Complaint and Demand for Jury Trial (the "Complaint"), Seetharaman alleges that each defendant engaged in a conspiracy in violation of 42 U.S.C. §1985. More particularly, Seetharaman's Complaint contends in the Introduction that Seetharaman "asserts [a] claim[] . . . for conspiracy pursuant to 42 U.S.C. §1985 and alleges in paragraph 54, *inter alia*, that "Defendant Stone & Webster and individual defendants via conspiracy occasioned harm and third-party interference with at-will employment relationship [sic] with Stone & Webster. . . ."

4.      Pursuant to 28 U.S.C. §1446(d), a true and accurate copy of this Notice of Removal is being filed with the Superior Court, and defendants are serving such notice on Seetharaman's attorney.

5.      Pursuant to LR, D. Mass. 81.1 of the Local Rules of the United States District Court for the District of Massachusetts, within thirty days of the filing of this Notice of Removal, defendants will file in this Court certified or attested copies of the summons and complaint and docket entries in the Superior Court Department of the Trial Court of Middlesex County, Massachusetts.

6.      Defendants attach as Exhibit 1 and make a part of this petition true and accurate copies of the pleadings and process served upon them in this action.

7.      While this civil action was pending in the Superior Court, counsel for the parties agreed that the time for defendants to answer, move or otherwise respond to the Complaint would be extended to June 8, 2005. A copy of defendants' attorney's letter confirming that extension is attached as Exhibit 2.

8.      Defendants reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, defendants hereby remove the action now pending against them in the

Trial Court of Massachusetts, Superior Court Department, Middlesex County, Civil Action No.

05-0376, to this Court.

Respectfully submitted,

STONE & WEBSTER, INC., JOE GREEN,
NICK ZERVOS, DAVID EDWARDS AND
JOHN MARTIN,

By their attorneys,

Paul J. Murphy, BBO No. 363490
Kevin P. Sweeney, BBO No. 548761
Menard, Murphy & Walsh LLP
60 State Street - 34th Floor
Boston, Massachusetts 02109
(617) 832-2500

Dated: May 26, 2005

## CERTIFICATE OF SERVICE

I, Kevin P. Sweeney, hereby certify that on this 26th day of May 2005, I caused a copy of the foregoing **NOTICE OF REMOVAL** to be served by hand delivery on Howard Wilgoren, Esquire, 6 Beacon Street, Suite 700, Boston, Massachusetts 02108 (attorney for plaintiff).

Kevin P. Sweeney

6637.22\Stone\seeitharaman civil action\Pleadings\corporate disclosure statement.doc

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

A TRUE COPY ATTEST
DAVID D. AYLES, PROCESS SERVER
AND DISINTERESTED PERSON

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 05-0376

............ MIDDLESEX ............ , ss
[seal]

Ramachandran SEETHARAMAN
.............................................. , Plaintiff(s)

v.

Stone & Webster, Inc a subsidiary of the
Shaw Group, Inc Joe Green, Nick Zenas, David
Edwards and Joann MARTIN, Defendant(s)

STone & Webster Inc
100 Technology Center Drive
Stoughton, MA 02072   **SUMMONS**

To the above-named Defendant:

You are hereby summoned and required to serve upon Howard Wilgoren
.............................................. plaintiff's attorney, whose address is 6 Beacon St, Suite
700 Boston Ma 02108 .............................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at 40 Thorndike St
Cambridge Ma. 02141 .............................. either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Barbara J. Rouse

Witness, S~~usan~~ V. Del Veccini Esquire, at ..............................................................................

the .............................. day of ..............................................................................

.............................., in the year of our Lord ..............................

Edward J Sullivan
.............................................. 
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ................................................................................................
20........., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

................................................................................................................................................
................................................................................................................................................
................................................................................................................................................

.........................................................................................................

Dated: ...........................................................................................................

**N.B.  TO PROCESS SERVER:**
     **PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX**
     **ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

(  _____  )
(  ........................ 4/28/05 ........................, ........  )
(  _____  )

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX .......ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.

......................, Plff.

v.

......................, Deft.

SUMMONS
(Mass. R. Civ. P. 4)



TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

........... MIDDLESEX ............. , ss
[seal]

DAVID D. AYLES, PROCESS SERVER
A TRUE COPY ATTEST
AND DISINTERESTED PERSON

No. 05-0376

RAm uchandran Secthaxaman

......................................... , Plaintiff(s)

Stone & Webster, Inc a Subsidiary of shaw
Group,Inc., Joe Green, Nick Zenos Davis Edwards
and John no-hin ......... , Defendant(s)

Joe Green
c/o Stone and Webster        **SUMMONS**
100 Technology Center Drive
Stoghton mm 02072
To the above-named Defendant:

You are hereby summoned and required to serve upon .... Howard Wilgoren

........................................., plaintiff's attorney, whose address is ...6 Beacon St,
Suite 700 Boston Ma 02108..., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ...40 Thorndike
St Cambridge MA 02141 ......... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.
Barbara J. Romse

Witness, Suzanne V. DelVecchio, Esquire, at ..................................................................................................................

the ............................................................... day of ....................................................................................

...................., in the year of our Lord .......................................... .

Edward J Sullivan
Clerk

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ...............................................................................................

20........., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

...............................................................................................................................................

...............................................................................................................................................

...............................................................................................................................................

...............................................................................................................

Dated: ...................................................................................................................

## N.B. TO PROCESS SERVER:
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

(                                                              )
(                    4/28/05                    )
(                                                              )

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX ........ ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.

........................., Plff.

v.

........................., Deft.

SUMMONS
(Mass. R. Civ. P. 4)

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. G 8-0876

.......... MIDDLESEX .........., ss
[seal]

A TRUE COPY ATTEST
DAVID D. AYLES, PROCESS SERVER
AND DISINTERESTED PERSON

Ramachandran Seetharaman
................................................ , Plaintiff(s)

Stone & Webster Ino., a Subsidiary of Shaw
Group Inc., Joe Green Nick Zevos David Edwards
and John Martin ........... , Defendant(s)

Nick Zevos
2 Pheasanthill Rd
Norfolk MA

### SUMMONS

To the above-named Defendant:

*HOWARD WILGOREN*
*6 Beacon Street, Suite 700*
You are hereby summoned and required to serve upon ................................. *Boston, MA 02108* .......

.................................................... plaintiff's attorney, whose address is ......................................

................................................................................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ..... 40 Thorndike St

Cambridge MA 02141 ................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.
**Barbara J. Rouse**
Witness, Suzanne V. DelVecchio, Esquire, at ..........................................................................

the ............................................................... day of ......................................................................

...................... in the year of our Lord .......................................... .

*Edward J. Sullivan*
Clerk

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

SS

I hereby certif
20........., I serve
upon the within-n:

.................
.................
.................

Dated: .......

**N.B. TC**
    **PI**
    **O**

f the complaint in this action,
$\pm$ (d) (1-5)):

.................
.................
.................
.................

.................

**JN DEFENDANT IN THIS BOX**
**ON DEFENDANT.**

4/28/05

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX ........ ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.

..........., Plf.

v.

..........., Deft.

SUMMONS
(Mass. R. Civ. P. 4)

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX .......... ss
[seal]

*A TRUE COPY ATTEST*
*DAVID D. AYLES, PROCESS SERVER*
*AND DISINTERESTED PERSON*

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 05-0376

Ramachendren Seethanman
.................................... , Plaintiff(s)

v.

Stone & Webster Inc a subsidiary of Sheaway
Inc., Joe Green, Nick Zervos, David Edwards and
John Martin
.................................... , Defendant(s)

### SUMMONS

David Edwards
7 Allen Park Drive
Wilmington MA

To the above-named Defendant:

HOWARD WILGOREN
6 Beacon Street, Suite 700
Boston, MA 02108

You are hereby summoned and required to serve upon .................................... plaintiff's attorney, whose address is .................................... an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at 40 Thorndike St Cambridge MA 02141 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Barbara J. Rouse

Witness, Suzanne V. DelVecchio, Esquire, at ....................................

the .................................... day of ....................................

.................................... in the year of our Lord ....................................

Edward J Sullivan
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP — 001

### PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ...............................................................................................
20.... ....., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

..................................................................................................................................................................
..................................................................................................................................................................
..................................................................................................................................................................

....................................................................................................

Dated: ...............................................................................................................

### N.B.  TO PROCESS SERVER:
   PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
   ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

(   ....................................................................   )
(   ..................... 4/28/05 ..............., ..........  )
(   ....................................................................   )

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX ......... ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.

........................, Plff.

v.

........................, Deft.

SUMMONS
(Mass. R. Civ. P. 4)

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: ---
TORT — MOTOR VEHICLE TORT --- CONTRACT ---
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 05-0376

MIDDLESEX , ss
[seal]

*A TRUE COPY ATTEST,
DAVID D. AYLES, PROCESS SERVER
AND DISINTERESTED PERSON*

SAGTHARAMAN
........................................., Plaintiff(s)

v.

Stone & Webster Inc., a subsidiary of
Shaw Group Inc., Joe Green, Nick zenas, David
Edwards and John Martin, Defendant(s)

John Martin
C/o Stone & Webster Inc
160 Technology Center Drive
Stoughton MA 02072

## SUMMONS

To the above-named Defendant:

HOWARD WILGOREN
6 Beacon Street, Suite 700
Boston, MA 02108

You are hereby summoned and required to serve upon ............. ........................, plaintiff's attorney, whose address is ............................ ........................ an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at 40 Thorndike St Cambridge MA 02141 ........................... either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Susanne DelVecchio, Esquire, at ......................................... Barbara J. Rouse

the ........................................... day of ......................................

...................... in the year of our Lord ...........................................

Edward J Sullivan
Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. - 001

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ...................................................................................................
20.. ......., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

.........................................................................................................................................................
.........................................................................................................................................................
.........................................................................................................................................................

.......................................................................................................

Dated: ............................................................................................................

### N.B.  TO PROCESS SERVER:
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

(  .................................................................................  )
(  ......................... 4/28/05 ..................., ...........  )
(  ...........   ... ...   )

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX ........ ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.

................................, Pltf.

v.

................................, Deft.

SUMMONS
(Mass. R. Civ. P. 4)

## COMMONWEALTH OF MASSACHUSETTS

**MIDDLESES, SS:**

**MIDDLESES SUPERIOR COURT**
**CIVIL ACTION NO.**  $05-0376$

```
*********************************************** *
RAMACHANDRAN SEETHARAMAN,                       *
              Plaintiff                         *
                                                *
vs.                                             *
                                                *
STONE & WEBSTER, INC., a                        *
Subsidiary of SHAW GROUP, INC.,                 *
JOE GREEN, NICK ZERVOS,                         *
DAVID EDWARDS AND JOHN                          *
MARTIN                                          *
              Defendants                        *
                                                *
                                                *
*********************************************** *
```

**COMPLAINT AND**
**DEMAND FOR JURY TRIAL**

```
        FILED
   IN THE OFFICE OF THE
  CLERK OF THE COURTS
       ... OF MIDDLESEX

    FEB 03  2005 .

   Edward J. Sullivan
              CLERK
```

### I.    INTRODUCTION

This employment discrimination action pursuant to M.G.L.A. c. 151B  based on national origin, race, color, age, retaliation and handicap, seeks damages for the plaintiff's unlawful transfer and subsequent termination of his employment as a Principal Engineer for the Defendant Stone & Webster, Inc.  Plaintiff also asserts claims for wrongful discharge in violation of public policy, for violation of his civil rights pursuant to M.G. L. c. 12, §11H,11I,  for violation of the Massachusetts Constitution Article XLIX providing for the right of the people to have clean air and water and for conspiracy pursuant to 42 U.S.C.§ 1985.

1

## II.    THE PARTIES

1.    Ramachandran Seetharaman (Hereinafter, "Seetharaman") is an individual residing in Ashland, Middlesex County, Massachusetts.

2.    The Plaintiff is Seetharaman is a non-white United States Citizen, born November 13, 1957 in Tanjore, Tamilnadu, India and is of East Indian heritage and of dark complexion.

3.    Seetharaman was over forty years of age during his employment at defendant Stone & Webster (a SHAW Group Company) from 3-2001 till 5-2002.

4.    Defendant Stone & Webster is a corporation and subsidiary of the Shaw Group, which is a corporation headquartered in Baton Rouge, LA. Defendant Stone & Webster has a location at 100 Technology Center Drive, Stoughton, Massachusetts.

5.    Defendant David Edwards is a resident of the Commonwealth of Massachusetts, and was at relevant times Seetharaman's direct supervisor in the Covert, Badger and Goose Lake Projects from May 2001 through February 5, 2002.

6.    Defendant Nick Zervos is a resident of the Commonwealth of Massachusetts, and was at relevant times Seetharaman's direct supervisor of the Heat Balance/Thermal Engineering Group from February 6, 2002 through May 17, 2002.

7.    Defendant John Martin is a resident of the Commonwealth of Massachusetts, was at relevant times the Project Engineer/Manager for Covert, Badger and Goose Lake Projects and was David Edwards' supervisor.

8.          Defendant Joe Green is a resident of the Commonwealth of Massachusetts, was at relevant times Chief Mechanical Engineer of defendant Stone & Webster.

### III.    STATEMENT OF FACTS

9.          Seetharaman commenced his employment at Stone & Webster on March 19, 2001. His Title was Principal Engineer in the Mechanical Engineering Division. His work location was 100 Technology Center Drive, Stoughton, Massachusetts.

10.         Seetharaman's first assignment around 3-22-2001 was to study and design a nuclear reactor system that utilized ammonia/water mixture as a working fluid. After review of the system, Seetharaman expressed his environmental and nuclear safety concerns to Joe Green, Chief Mechanical Engineer, who assigned him that task. His safety concerns were ignored. Joe Green again resurrected this project in June/July 2001, at which time; Seetharaman again protested its viability and effect on public safety. This angered management.

11.         Seetharaman's second assignment was to work on a Power Plant – Pha-Lai in Vietnam late March 2001. He completed that work in about ten days.

12.         In the first week of April 2001, Joe Green assigned Seetharaman to the Covert, Badger, and Goose Lake power plant design projects. He worked on these projects until February 6, 2002.

13.         The Covert, Badger, Goose Lake power plant design projects were funded, owned and operated by Pacific Gas and Electric (via its past subsidiary PG&E

3

National Energy Group). General Electric Company funded Pacific Gas Electric to the tune of about $ 570+ million dollars in March 2001, to enable these activities of Pacific Gas and Electric.

14.    General Electric Company and Pacific Gas & Electric exercised control over the Covert, Badger, Goose Lake projects and its past subsidiary PG&E National Energy Group.

15.    Stone & Webster became the engineering and construction agent for the Covert, Badger, and Goose Lake power plant design projects on March 15, 2001. The business and agency relationship was based on written publicly announced contracts and personal meetings of management personnel.

16.    During his several assignments in the Covert, Badger, Goose Lake power plant design projects, Seetharaman engaged in numerous activities protected by the environmental laws and opposed the conduct of Stone & Webster engineering and management. Pacific Gas & Electric (the principal) was also aware of these protected activities via its agents.

17.    Seetharaman opposed the project's emitting toxic substances in the air and potentially harming the public safety and not utilizing the controls that both Federal and State laws required. Seetharaman further opposed some engineering methodologies that were inherently wrong and unsafe violating OSHA and environmental laws and standards.

18.    Seetharaman's relationship with management eroded rapidly commencing in May 2001, Seetharaman was ridiculed, subjected to intimidating and hostile work

4

environment, segregated, limited and classified. The boiler work assignment was forcefully removed from him on January 4, 2002,

19.       On or about February 5, 2002 Seetharaman was forcefully transferred against his will to a new Heat Balance Group on February 6, 2002. Witnesses associated with and sympathetic/supportive of Seetharaman were intimidated as well and subject to adverse employment actions. A disproportionate number of employees of East-Indian origin were terminated as well in 2002/2003. Seetharaman opposed the hostilities to his supervisor in the Fall of 2001 and expressed his feelings about not wanting to be transferred.

20.       Upon transfer to Heat Balance Group Seetharaman's work environment became    even more intimidating, harassing and hostile. Seetharaman was further segregated, limited and classified.

21       Seetharaman calculated nuclear steam pipe sizes for a nuclear station using a    safe, well-established methodology. However, his co-worker "finagled" the results    and utilized much smaller pipes. Seetharaman was deceived into signing the cover    sheet of a nuclear calculation on 4-2-2002. Upon seeing the entire calculation the    next day and noticing that his methods and the safe and correct pipe sizes were not    used, he protested to his superior Nick Zervos on 4-3-2002 that nuclear safety has been compromised and Seetharaman refused to participate in this illegal conduct. His supervisor Nick Zervos threatened him with a statement – "we cut out people    who don't follow our ways."

22.       During the next assignment in April 2002, Zervos continued his hostility by intimidating Seetharaman stating, "You are getting old. Younger workers like

5

Garcia are working faster"

23.         Two week later around 4-17-2002, Seetharaman detected another flaw in a
computer program ARROW and complained to the same supervisor Nick Zervos
and Russ Bone and Frank Elia that utilizing that ARROW program for nuclear work
will be problematic, unsafe and would not satisfy quality-control requirements and
hence they must follow a more rigorous procedure to test that software before it
could be cleared to do nuclear work. Seetharaman mentioned another experienced
worker Pete Queenan at the Company also agreed to use a more rigorous nuclear
procedure, but Zervos snubbed that worker as an "Old nuclear goat that spent too
much time on nuclear work". Nick Zervos has had a long relationship with General
Electric, through an unsafe toxic Ammonia cycle called the "Kalina Cycle" from 1985
until 1996, which releases hot toxic Ammonia into the atmosphere. Seetharaman
specifically protested the safety of this cycle in utilization for nuclear and other
power work and also about GE's defective software that he has seen in the late
1980s while he worked for GE nuclear division. All this happened around 4-19-2002.

24.         On or about April 29, 2002 Seetharaman's employment with defendant
Stone & Webster was terminated.

25.         During the course of his employment, Seetharaman engaged in protected
activities and complained to both managers and some coworkers as well about
public safety during his employment from 3-2001 till 5-2002 at Stone & Webster.

26.         At least one white male coworker and a white female coworker (less than 40
years of age) at Stone & Webster also engaged in such protected activity during the
period from March 2001 through May 2002. However these workers were not

6

treated with contempt, subject to intimidating and hostile work environment, did not

have work forcefully removed from them, were not forcefully transferred and fired

in a similar fashion like Seetharaman.

### COUNT ONE

### UNLAWFUL DISCRIMINATION BASED ON NATIONAL ORIGIN, COLOR, RACE HANDICAP AND AGE IN VIOLATION OF G.L. c. 151B § 4 AND REPRISAL IN VIOLATION OF G.L. C 151B § 4, SUBD. 4 (ALL DEFENDANTS)

27.     The Plaintiff re-alleges and incorporates by reference herein the averments

set forth Paragraphs 1 through 26 as though fully set forth herein.

28.     Plaintiff filed a timely charge with the Massachusetts Commission Against

Discrimination (MCAD), and filed this complaint at the expiration of ninety days after

the filing of the aforesaid complaint with MCAD.

29.     The Plaintiff is a member of a protected class by virtue of his National

Origin (East Indian), Color (Dark Complexion), Race, Handicap (Bad Back) and

age (44 years old at time of termination) pursuant to G.L. c. 151B.

30.     On information and belief, the Defendant transferred and subsequently discharged

the Plaintiff not for any legitimate reason but because of his National origin, Color,

Race, Handicap, and Age thereby violating G.L. c. 151B § 4.

31.     Seetharaman opposed the hostile work environment from management to his

supervisor in the Fall of 2001 and expressed his feelings about not wanting to be

transferred. The Defendant transferred and subsequently discharged the Plaintiff not

for any legitimate reason but because of his opposition to management creating an

7

acrid, intimidating and hostile work environment.

32.      As a direct and proximate cause of the aforesaid discrimination, the Plaintiff has

incurred and continues to incur a substantial loss of wages and benefits. The Plaintiff

will continue to suffer these, as well as other damages, to be established at trial.

## COUNT TWO
## WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY
## (DEFENDANT STONE & WEBSTER)

33.      The Plaintiff re-alleges and incorporates by reference herein the averments set forth

Paragraphs 1 through 32 as though fully set forth herein

34.      Between January 11, 2002 through February 4, 2002, Seetharaman was assigned the

task of verifying a safety calculation for several dozen high-pressure steam lines that

affected plant safety on the Covert Power Project. Seetharaman found the entire

calculation to be wrong and unsafe and recalculated using a safe and sound

engineering methodology.

35.      Seetharaman informed his direct supervisor Dave Edwards that the original calculation

would violate Occupational Safety and Health Administration (OSHA) regulations. He

advised Edwards of the safety consequences of the calculation and importuned him to

change the size of the pipes lest plant safety be compromised.

36.      The next day Seetharaman was forcefully transferred to the Heat Balance Group.

37.      From February 7, 2002 through April 2, 2002 Seetharaman calculated pipeline sizes for

Lungman nuclear power plant. These calculations provided for safe operation of the

8

nuclear power plant. However, Bill Card, a co-worker in the heat balance group finagled these pipe sizes to a much lower size. Seetharaman was deceived into signing the cover sheet of this calculation by Bill Card on April 2, 2002. Upon reviewing the entire calculation the next day, Seetharaman determined that the safe pipe sizes he recommended were not used in the calculation and he protested this to his supervisor Nick Zervos that he could not sign this "finagled" calculation because he feared that the lower sized pipes would result in an accident. Zervos threatened Seetharaman stating, "we cut out people who don't follow our ways."

38.    Three weeks later on or about April 29, 2002 Seetharaman's employment with defendant Stone & Webster was terminated by Green and Zervos.

39.    Seetharaman's employment was terminated because he refused to commit an unlawful act of designing projects that did not comply with OSHA standards, and because he was attempting to enforce the important public policy of ensuring compliance with OSHA in order to ensure the safety of the public.

40.    As a direct and proximate cause of the aforesaid discrimination, the Plaintiff has incurred and continues to incur a substantial loss of wages and benefits. The Plaintiff will continue to suffer these, as well as other damages, to be established at trial.

## COUNT THREE
## VIOLATION OF HIS CIVIL RIGHTS PURSUANT TO M.G. L. C. 12, §11H, 11I
## (ALL DEFENDANTS)

41.    The Plaintiff re-alleges and incorporates by reference herein the averments set forth Paragraphs 1 through 40 as though fully set forth herein.

42.    Defendant Stone & Webster (a SHAW group Company), via an association in

9

business and contract, and through agency relationships, and the individual defendants are "persons" within the meaning of M.G. L. C. 12, §11H, 11I.

43.   In committing the above described acts, all defendants in this count, through threats, intimidation, or coercion by termination of employment, breach of oral promises, and withdrawal of funds, interfered with, or attempted to interfere with, with Seetharaman's secured rights of; speech and writings on matters of public concern; to have clean air and water, Atomic Energy Safety, and due process of the law, pursuant to the Massachusetts Constitution/ Declaration of rights, its bidding laws and deceptive practices law and Federal Constitution and Federal Laws - 42 USC 7401 et seq. (Title 42 – Chapter 85 – Air Pollution Prevention and Control - The Clean Air Act – "CAA"), 42 USC 9601 et seq. (Title 42 – Chapter 103 - Comprehensive Environmental Response, Compensation and Liability – "CERCLA" ), 33 USC 1251 et seq. (Title 33 – Chapter 26 - The Federal Water Pollution Control Act – "FWPCA"), 42 USC 2011 et seq. (Title 42 – Chapter 23 - The Atomic Energy Act – "AEA"),  42 USC 5801 et seq. (Title 42 – Chapter 73), 42 USC 13401 et seq. (The Energy Policy Act of 1992 (as the amended), 15 USC 2601 et seq. (Title 15 – Chapter 53 – Toxic Substances Control -The Toxic Substances Control Act – "TSCA"), 42 USC 6901 et seq. (Title 42 - Chapter 82 – Solid Waste Disposal - Solid Waste Disposal Act – "SWDA") , and 29 USC 660 (OSHA), 29 USC 666, Federal bidding laws, Sherman Act, Clayton Act and Robinson-Patman Act.

44.   These above mentioned acts combined to form sufficient coercion under the Massachusetts Civil Rights Act because the natural effect intended or not, of said conduct was to coerce Seetharaman through contract breach, creation of intimidating and hostile work environment, limitation, segregation and classification, denial of

10

promised training, forced transfer and termination of employment.

45.    As a direct and proximate cause of the aforesaid discrimination, the Plaintiff has

incurred and continues to incur a substantial loss to be established at trial.

### COUNT FOUR
### VIOLATION OF THE MASSACHUSETTS CONSTITUTION ARTICLE XLIX PROVIDING FOR THE RIGHT OF THE PEOPLE TO HAVE CLEAN AIR AND WATER
### (Defendant Stone & Webster)

46.    The Plaintiff re-alleges and incorporates by reference herein the averments

set forth Paragraphs 1 through 45 as though fully set forth herein.

47.    Article XLIX of the Amendments to the Constitution provides that  "The

people shall have the right to clean air and water, freedom from excessive and

unnecessary noise, and the natural, scenic, historic, and esthetic qualities of their

environment; and the protection of the people in their right to the conservation,

development and utilization of the agricultural, mineral, forest, water, air and other

natural resources is hereby declared to be a public purpose."

48.    In furtherance of the principles set forth in Article XLIX of the Amendments to

the Constitution, Seetheraman opposed defendant Stone & Webster management's

efforts  to "cut corners" on Covert, Badger, and Goose Lake power plant design

projects,   by resorting to unsafe and environmentally derelict engineering and

construction methodologies. They further conspired to violate bidding and antitrust

laws. Seetharaman was the only individual, who opposed these practices repeatedly.

Such opposition by Seetharaman began both verbally and in writing beginning April

2001 and continued unabated till February 4, 2002.

11

49.     Seetharaman opposed these projects emitting toxic substances in the air and potentially harming the public safety and not utilizing the controls that both Federal and State laws stipulated. Seetharaman further opposed some engineering methodologies that were inherently wrong and unsafe violating OSHA and environmental laws and standards.

50.     In retaliation for Seetharaman's exercise of his rights as protected by Article XLIX of the Amendments to the Constitution, defendant Stone & Webster engaged in a course of conduct designed to create an intimidating and hostile work environment, limitation, segregation and classification, denial of promised training, forced transfer and termination of employment.

51.     As a direct and proximate cause of the aforesaid retaliation, the Plaintiff has incurred and continues to incur a substantial loss to be established at trial.

## COUNT FIVE
## CONSPIRACY PURSUANT TO 42 U.S.C. § 1985
### (All Defendants)

52.     The Plaintiff re-alleges and incorporates by reference herein the averments set forth Paragraphs 1 through 51 as though fully set forth herein.

53.     Defendant Stone & Webster via an association in business and contract, and through agency relationships, and the individual defendants are "persons" within the meaning of 42 U.S.C. § 1985.

54.     Defendant Stone & Webster  and individual defendants via conspiracy occasioned harm and third-party interference with at-will employment relationship with Stone & Webster

12

(a SHAW group Company) against Seetharaman. Such unlawful interference was with malice and it was to intimidate and retaliate against Seetharaman for engaging in activity protected by state and federal law as set forth in the succeeding paragraph.

55.     In committing the above described acts, all defendants in this count, through threats, intimidation, or coercion by termination of employment, breach of oral promises, withdrawal of funds, interfered with, or attempted to interfere with, with Seetharaman's secured rights of; speech and writings on matters of public concern; to have clean air and water, Atomic Energy Safety, and due process of the law, pursuant to the Massachusetts Constitution/ Declaration of rights, its bidding laws and deceptive practices law and Federal Constitution and Federal Laws - 42 USC 7401 et seq. (Title 42 – Chapter 85 – Air Pollution Prevention and Control - The Clean Air Act – "CAA"), 42 USC 9601 et seq. (Title 42 – Chapter 103 - Comprehensive Environmental Response, Compensation and Liability – "CERCLA" ), 33 USC 1251 et seq. (Title 33 – Chapter 26 - The Federal Water Pollution Control Act – "FWPCA"), 42 USC 2011 et seq. (Title 42 – Chapter 23 - The Atomic Energy Act – "AEA"),  42 USC 5801 et seq. (Title 42 – Chapter 73), 42 USC 13401 et seq. (The Energy Policy Act of 1992 (as the latest amendment), 15 USC 2601 et seq. (Title 15 – Chapter 53 – Toxic Substances Control - The Toxic Substances Control Act – "TSCA"), 42 USC 6901 et seq. (Title 42 - Chapter 82 – Solid Waste Disposal - Solid Waste Disposal Act – "SWDA") , and 29 USC 660 (OSHA), 29 USC 666, Federal bidding laws, Sherman Act, Clayton Act and Robinson-Patman Act.

56.     These above mentioned acts combined to form sufficient intimidation and retaliation against Seetharaman for engaging in activities protected by the above laws and for

13

being a witness in Federal Proceedings.

57.     Defendant's conduct was to intimidate Seetharaman through contract breach, creation

of intimidating and hostile work environment, limitation, segregation and classification,

denial of promised training, forced transfer and termination of employment.

Seetharaman was "injured in his person and property" by means of these unlawful acts.

58.     As a direct and proximate cause of the aforesaid retaliation, the Plaintiff has incurred

and continues to incur a substantial loss to be established at trial.


### COUNT SIX
### TORTIOUS INTERFERENCE WITH ADVANTAGEOUS RELATIONSHIP
### (Defendants Zervos, Edwards, Green and Martin)


59.     The Plaintiff re-alleges and incorporates by reference herein the averments set forth

Paragraphs 1 through 58 as though fully set forth herein.

60..    Seetharaman was in an "advantageous relationship" with his employer Defendant

Stone & Webster by virtue of his receipt of a favorable performance evaluation that

rated him as "promotable" and as an "achiever". Seetharaman was further in an

"advantageous relationship" with his employer Stone & Webster by virtue of his

repeated abilities and actions to bring in multi-million dollar proposals for potential

business to Stone & Webster.

61.     Defendants knowingly, out of "malice", for an improper purpose and utilizing improper

means interfered with Seetheraman's advantageous relationship with Stone & Webster

by inducing Stone & Webster   not to enter into or continue a business relationship,

14

resulting in termination of Seetharaman's employment.

62.    The acts of these defendants were wrongful, made without rational basis, in bad faith, with reckless disregard as to the truth or falsity of the statements used in support of the said acts, with a race, color, national origin, age, anti-"public safety" speech based discriminatory animus, and were otherwise improper.

63.    As a direct and proximate cause of the aforesaid interference the Plaintiff has incurred and continues to incur a substantial loss to be established at trial.

### COUNT SEVEN
### PROMISSORY ESTOPPEL
### (Defendants Stone & Webster, Zervos, and Green)

64.    The Plaintiff re-alleges and incorporates by reference herein the averments set forth Paragraphs 1 through 63 as though fully set forth herein.

65.    On or about  December 6, 2001 Defendants Stone & Webster, Zervos, and Green asked Seetheraman to consider a transfer to the heat balance group with a promise of two years of training, continued employment, investment and promotion to a higher position.

66.    Seetharaman reasonably relied on these promises and transferred to the heat balance group on or about February 6, 2002;

67.    Defendants Stone & Webster, Zervos, however deceived Seetheraman and fired him just eleven weeks later on or about April 29, 2002.

68.    As a direct and proximate cause of the aforesaid conduct the Plaintiff has incurred and continues to incur a substantial loss to be established at trial.

**WHEREFORE,** the Plaintiff requests this Honorable Court to:

1.    Enter judgment against the Defendants;

2.    Award Damages on all counts in an amount to be determined at trial for financial losses sustained and other damages to be determined at trial, including but not limited to:

    a.    Loss of income and benefits;

    b.    Future loss of income and benefits;

    c.    Damages for emotional distress;

    d.    Treble Damages pursuant to G.L. c. 151B § 9;

    e.    Compensatory Damages;

    f.    Punitive Damages

    g.    Reasonable Attorney's fees;

    h.    Fees and Costs of this action;

    i.    Such further relief as this Honorable Court deems just and proper.

**THE PLAINTIFF IN THE ABOVE ENTITLED ACTION DEMANDS A TRIAL BY JURY.**

          **RAMACHANDRAN SEETHARAMAN,**
          Plaintiff
          By his Attorney,

          HOWARD I WILGOREN,
          179 Union Avenue
          Framingham, MA 01702
          (508) 626-8600
          BBO No. 527840

DATED: February 3, 2005

MENARD, MURPHY & WALSH LLP
ATTORNEYS AT LAW

CLIENT FILE COPY



KEVIN P. SWEENEY
sweeney@mmwlaw.com

May 6, 2005

Howard I. Wilgoren, Esquire
6 Beacon Street, Suite 700
Boston, Massachusetts  02108

   Re: Seetharaman v. Stone & Webster, Inc., et al.
     Middlesex Superior Court – Civil Action No. 2005-03776

Dear Howard:

   As I informed you, this office represents defendants Stone & Webster, Inc., Joseph Green, Nick Zervos, David Edwards and John Martin in the above-captioned action. Thank you for agreeing to provide defendants with an extension until June 8, 2005 to answer, move or otherwise respond to the Complaint and Demand for Jury Trial.

   In our telephone conversation today, you mentioned that you are considering filing an amended complaint and that if you do so, it will be while I'm on vacation through May 20. If you file an amended complaint, we will accept service of it on behalf of all defendants so there is no need to serve them with any amended complaint. Please send any amended complaint to me at the above address.

   Thank you again for your courtesy in granting defendants the above extension.

       Sincerely,

       Kevin P. Sweeney

KPS/

cc: E. Kenneth Jenkins, Esquire
  Paul J. Murphy, Esquire

**%JS 44 (Rev. 11/04)**

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Ramachandran Seetharaman | Stone & Webster, Inc., Joe Green, Nick Zervos, David Edwards, John Martin |

**(b)** County of Residence of First Listed Plaintiff    Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Middlesex
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Howard Wilgoren, 6 Beacon Street, Suite 700, Boston, MA 02108 (617)-523-5233

Attorneys (If Known) Paul J. Murphy, Kevin P. Sweeney, Menard, Murphy & Walsh, LLP, 60 State Street Boston, MA 02109 (617) 832-2500

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product    Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |    Liability   ☐ 365 Personal Injury - |    of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &    Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
|    & Enforcement of Judgment |    Slander   ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent |    Corrupt Organizations |
| ☐ 152 Recovery of Defaulted |    Liability    Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|    Student Loans | ☐ 340 Marine   **PERSONAL PROPERTY** |    Safety/Health | | ☐ 490 Cable/Sat TV |
|    (Excl. Veterans) | ☐ 345 Marine Product   ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment |    Liability   ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
|    of Veteran's Benefits | ☐ 350 Motor Vehicle   ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) |    Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle    Property Damage |    Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract |    Product Liability   ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) |    12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal    Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |    Injury |    & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting   ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment    Sentence | ☐ 791 Empl. Ret. Inc. |    or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/   **Habeas Corpus:** |    Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land |    Accommodations   ☐ 530 General | |    26 USC 7609 |    Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare   ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | | |    Under Equal Access |
| |    Employment   ☐ 550 Civil Rights | | |    to Justice |
| | ☐ 446 Amer. w/Disabilities -   ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| |    Other | | |    State Statutes |
| | ☒ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

| ☐ 1 | Original Proceeding | ☒ 2 | Removed from State Court | ☐ 3 | Remanded from Appellate Court | ☐ 4 | Reinstated or Reopened | ☐ 5 | Transferred from another district (specify) | ☐ 6 | Multidistrict Litigation | ☐ 7 | Appeal to District Judge from Magistrate Judgment |

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC Sec. 1985 — 28 USC Sec. 1441 (Removal)

Brief description of cause:
Plaintiff alleges all defendants engaged in a conspiracy in violation of*

| **VII. REQUESTED IN COMPLAINT:** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** None | CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY** (See instructions):    JUDGE      DOCKET NUMBER

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| May 26, 2005 | *[signature]* |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

*of 42 USC Sec. 1985

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only)_____ Seetharaman v. Stone & Webster, Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

|   |      |   |
|---|------|---|
| [ ] | I. | 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT. |
| [x] | II. | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121<br>740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   for patent, trademark or copyright cases |
| [ ] | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,<br>315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,<br>380, 385, 450, 891. |
| [ ] | IV. | 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,<br>690, 810, 861-865, 870, 871, 875, 900. |
| [ ] | V. | 150, 152, 153. |

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                          YES [ ]        NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

                                                          YES [ ]        NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                          YES [ ]        NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                          YES [ ]        NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                          YES [x]        NO [ ]

   A.    If yes, in which division do all of the non-governmental parties reside?

         Eastern Division  [x]          Central Division  [ ]          Western Division  [ ]

   B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

         Eastern Division  [ ]          Central Division  [ ]          Western Division  [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)

                                                          YES [ ]        NO [x]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Kevin P. Sweeney, Esquire
ADDRESS  Menard, Murphy & Walsh, LLP 60 State Street, Boston, MA 02109
TELEPHONE NO.  (617) 832-2500

(CategoryForm.wpd - 5/2/05)