UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RAMACHANDRAN SEETHARAMAN )<br>Plaintiff, )<br> )<br>v. )<br> )<br>STONE & WEBSTER, INC., a subsidiary )<br>of SHAW GROUP, INC., JOE GREEN, )<br>NICK ZERVOS, DAVID EDWARDS )<br>AND JOHN MARTIN, )<br>Defendants. )<br> ) | CIVIL ACTION NO.<br>1:05-CV-11105 RWZ |

**DEFENDANTS' ANSWER TO**
**FIRST AMENDED COMPLAINT AND JURY DEMAND**

Pursuant to Fed. R. Civ. P. 8(b) and (c), defendants Stone & Webster, Inc., Joe Green, Nick Zervos, David Edwards and John Martin (for brevity all defendants are referred to collectively as "Stone & Webster") hereby answer plaintiff Ramachandran Seetharaman's ("Seetharaman") First Amended Complaint and Demand for Jury Trial (the "First Amended Complaint"), dated June 6, 2005, as follows, with paragraph numbers below corresponding to the numbered paragraphs of the First Amended Complaint.

I. **INTRODUCTION**

The allegations in the paragraph entitled "Introduction" are merely introductory in nature and do not constitute allegations of fact to which a response is required. To the extent a response is required, the contentions in that paragraph are denied.

II. **PARTIES**

1. Stone & Webster is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the First Amended Complaint and therefore denies the same.

2. Stone & Webster is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the First Amended Complaint and therefore denies the same.

3. Stone & Webster is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the First Amended Complaint and therefore denies the same.

4. Admitted.

5. Stone & Webster admits that defendant David Edwards ("Edwards") is a resident of the Commonwealth of Massachusetts, and at one time was Seetharaman's direct supervisor on the Covert project. Stone & Webster is without knowledge or information to form a belief as to the truth of the allegation in paragraph 5 of the First Amended Complaint concerning "at relevant times" and therefore denies the same. Stone & Webster denies the remaining allegations in paragraph 5 of the First Amended Complaint.

6. Stone & Webster admits that defendant Nick Zervos is a resident of the Commonwealth of Massachusetts and was Seetharaman's supervisor in the Heat Balance/Thermal Engineering Group from approximately February 6, 2002 through May 2002. Stone & Webster is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 of the First Amended Complaint and therefore denies the same.

7. Stone & Webster admits that defendant John Martin is a resident of the Commonwealth of Massachusetts, was the Project Engineer for the Covert project and was Edwards' supervisor. Stone & Webster is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 7 of the First Amended Complaint concerning

"at relevant times" and therefore denies the same. Stone & Webster denies the remaining allegations in paragraph 7 of the First Amended Complaint.

8. Stone & Webster admits that defendant Joe Green ("Green") is a resident of the Commonwealth of Massachusetts and is the Chief Mechanical Engineer of Stone & Webster. Stone & Webster is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 of the First Amended Complaint and therefore denies the same.

III. **STATEMENT OF FACTS**

9. Admitted.

10. Denied.

11. Stone & Webster admits that Seetharaman was assigned certain work on the Pha Lai power plant project in or about 2001. Stone & Webster is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of the First Amended Complaint and therefore denies the same.

12. Stone & Webster admits that Green assigned Seetharaman, in about April 2001, to the Covert power plant project. Stone & Webster denies the remaining allegations in paragraph 12 of the First Amended Complaint.

13. Stone & Webster admits that it was engaged to design and construct the Covert power plant project for PG&E/NEG. Stone & Webster is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of the First Amended Complaint and therefore denies the same.

14. Stone & Webster is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of the First Amended Complaint and therefore denies the same.

15. Stone & Webster admits that it contracted to perform and did perform engineering and construction work on the Covert project in and after about 2001. Stone & Webster denies the allegations in paragraph 15 of the First Amended Complaint that it was an "agent" in general and on the Badger and Goose Lake projects in particular. Stone & Webster is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 of the First Amended Complaint and therefore denies the same.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Stone & Webster admits that it terminated Seetharaman's employment as part of a company-wide reduction in force. Stone & Webster denies the remaining allegations in paragraph 24 of the First Amended Complaint.

25. Denied.

26. Denied.

## COUNT I
## (Unlawful Discrimination Based on National Origin, Color, Race, Handicap and Age in Violation of M.G.L c.151B, §4)

27. Stone & Webster restates and incorporates by reference its responses to paragraphs 1 through 26 above.

28. Stone & Webster is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the First Amended Complaint and therefore denies the same.

29. The allegations in paragraph 29 of the First Amended Complaint constitute conclusions of law to which no response is required; otherwise, denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

## COUNT II
## (Wrongful Discharge in Violation of Public Policy)

34. Stone & Webster restates and incorporates by reference its responses to paragraphs 1 through 33 above.

35. Denied.

36. Denied.

37. Denied.

38. As to the allegations in the first sentence of paragraph 38 of the First Amended Complaint, Stone & Webster admits that from about February 7, 2002 to April 2, 2002, Seetharaman calculated certain pipe line sizes for the Lungmen nuclear power plant. Stone & Webster denies the remaining allegations in paragraph 38 of the First Amended Complaint.

39. Denied.

40. Denied.

41. Denied.

## COUNT III
### (Violation of Civil Rights Pursuant to M.G.L. c.12, §§11H and 11I)

42. Stone & Webster restates and incorporates by reference its responses to paragraphs 1 through 41 above.

43. The allegations in paragraph 43 of the First Amended Complaint constitute conclusions of law to which no response is required; otherwise, denied.

44. Denied.

45. Denied.

46. Denied.

## COUNT IV
### (Violation of Massachusetts Constitution Article XLIX)

47. Stone & Webster restates and incorporates by reference its responses to paragraphs 1 through 46 above.

48. Article XLIX of the Massachusetts Constitution is in writing and speaks for itself. To the extent that the allegations in paragraph 48 of the First Amended Complaint mischaracterize the terms of Article XLIX, denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

## COUNT V
### (Conspiracy Pursuant to 42 U.S.C. §1985)

53.    Stone & Webster restates and incorporates by reference its responses to paragraphs 1 through 52 above.

54.    The allegations in paragraph 54 of the First Amended Complaint constitute conclusions of law to which no response is required; otherwise, denied.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.

## COUNT VI
### (Tortious Interference with Advantageous Relationship)

60.    Stone & Webster restates and incorporates by reference its responses to paragraphs 1 through 59 above.

61.    Denied.

62.    Denied.

63.    Denied.

64.    Denied.

## COUNT VII
### (Promissory Estoppel)

65.    Stone & Webster restates and incorporates by reference its responses to paragraphs 1 through 64 above.

66.    Denied.

67.    Denied.

68. Denied.

69. Denied.

### FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint, in whole or in part, fails to state a claim or claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

One or more of Seetharaman's claims, including claims as to certain defendants, are barred, in whole or in part, by his failure to exhaust and/or to follow the administrative procedures prescribed and required as a condition precedent to his filing certain claims in the First Amended Complaint.

### THIRD AFFIRMATIVE DEFENSE

Seetharaman is precluded from asserting or pursuing here one or more claims and/or issues as Seetharaman previously asserted those claims and/or issues, and they were determined against him in another forum.

### FOURTH AFFIRMATIVE DEFENSE

Seetharaman's claims are barred or limited by his failure to mitigate his damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

By his acts, conduct and omissions, Seetharaman has waived one or more claims alleged in the First Amended Complaint.

### SIXTH AFFIRMATIVE DEFENSE

By his acts, conduct and omissions, Seetharaman is estopped to pursue one or more claims alleged in the First Amended Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent Seetharaman's First Amended Complaint contains additional allegations and/or claims and/or names defendants other than those allegations and/or claims brought or defendants named in any administrative charge, those additional allegations and/or claims are barred as are claims against any such defendants.

**EIGHTH AFFIRMATIVE DEFENSE**

Seetharaman has suffered no loss, injury or damage as a result of any act, conduct or omission by Stone & Webster.

**NINTH AFFIRMATIVE DEFENSE**

Stone & Webster terminated Seetharaman's employment and took other employment-related actions for good cause and/or for legitimate, non-discriminatory reasons.

**TENTH AFFIRMATIVE DEFENSE**

Stone & Webster's termination of Seetharaman's employment and employment-related actions were justified for business-related reasons having nothing to do with national origin, race, color, age, handicap or supposed whistleblower activities.

**ELEVENTH AFFIRMATIVE DEFENSE**

The provision of the Massachusetts Constitution under which Seetharaman sues does not provide an individual plaintiff with any private right of action for alleged violations.

**TWELFTH AFFIRMATIVE DEFENSE**

Seetharaman's claims were not brought within the time period(s) prescribed by the applicable statute(s) of limitations and are barred, in whole or in part, by those statutes of limitations.

### THIRTEENTH AFFIRMATIVE DEFENSE

All acts that Stone & Webster took with regard to Seetharaman's employment were justified as to motive, purpose and means.

### FOURTEENTH AFFIRMATIVE DEFENSE

All acts that Stone & Webster took with regard to Seetharaman's employment were privileged.

WHEREFORE, defendants Stone & Webster, Inc., Joe Green, Nick Zervos, David Edwards and John Martin request that this Court enter and order:

1. Dismissing each count of the First Amended Complaint with prejudice;

2. Entering judgment on behalf of defendants and against Seetharaman with prejudice on each count of the First Amended Complaint;

3. Awarding them their attorneys' fees, costs and expenses incurred in obtaining such dismissals/judgment; and

4. Granting them such other relief as this Court deems just and appropriate.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Stone & Webster demands trial by jury on all issues and claims so triable.

                Respectfully submitted,
                STONE & WEBSTER, INC., JOE GREEN,
                NICK ZERVOS, DAVID EDWARDS AND
                JOHN MARTIN,
                By their attorneys,

/s/ Kevin P. Sweeney

Paul J. Murphy, BBO No. 363490
Kevin P. Sweeney, BBO No. 548761
Menard, Murphy & Walsh LLP
60 State Street - 34th Floor
Boston, Massachusetts 02109
(617) 832-2500

Dated: June 8, 2005

## CERTIFICATE OF SERVICE

I, Kevin P. Sweeney, hereby certify that on this 8th day of June 2005, I caused a copy of **DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND JURY DEMAND** to be served by first-class mail, postage prepaid, addressed to Howard Wilgoren, Esquire, 6 Beacon Street, Suite 700, Boston, Massachusetts 02108.

Kevin P. Sweeney

6637.22\Stone\seeitharaman civil action\Pleadings\answer.doc