UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ────────────────────────── )<br>RAMACHANDRAN SEETHARAMAN )<br>　　　　　　　Plaintiff, )<br> )<br>v. )<br> )<br>STONE & WEBSTER, INC., a subsidiary )<br>of SHAW GROUP, INC., JOE GREEN, )<br>NICK ZERVOS, DAVID EDWARDS )<br>AND JOHN MARTIN, )<br>　　　　　　　Defendants. )<br>────────────────────────── ) | CIVIL ACTION NO.<br>1:05-CV-11105 RWZ |

## JOINT STATEMENT PURSUANT TO LR, D. MASS. 16.1(D)

Pursuant to LR, D. Mass. 16.1(D) and the Court's June 9, 2005 Notice of Scheduling

Conference, (the "Notice"), plaintiff Ramachandran Seetharaman ("Seetharaman") and

defendants Stone & Webster, Inc., Joseph Green ("Green"), Nick Zervos ("Zervos"), David

Edwards ("Edwards") and John Martin ("Martin") (Stone & Webster, Inc., Green, Zervos,

Edwards and Martin are referred to collectively as "Stone & Webster") hereby submit this joint

statement.

## I.    COMPLIANCE WITH OBLIGATION TO CONFER

Pursuant to LR, D. Mass. 16.1(B), on July 13, 2005, Howard I. Wilgoren, counsel for

Seetharaman, and Kevin P. Sweeney, counsel for Stone & Webster, conferred for the purpose of:

1.    Preparing an agenda of matters to be discussed at the July 27, 2005 Scheduling

Conference;

2.    Preparing a proposed pretrial schedule for the case that includes a plan for

discovery;

3.    Considering whether they will consent to trial by magistrate judge; and

4.      Addressing the prospect of settlement.

As a result of that conference, Seetharaman and Stone & Webster propose the following for the Court's consideration.

## II.     PROPOSED AGENDA OF MATTERS TO BE DISCUSSED AT SCHEDULING CONFERENCE

Seetharaman and Stone & Webster jointly suggest that at the Scheduling Conference the Court and the parties discuss:

1.      The proceeding Seetharaman commenced in 2003 against Stone & Webster, Inc. that remains pending in the United States Department of Labor (the "DOL").  In that proceeding, Seetharaman alleges whistleblower claims against Stone & Webster, Inc. under the employee protection provisions of the Clean Air Act, 42 U.S.C. §7622, CERCLA, 42 U.S.C. §9610, the Federal Water Pollution Control Act, 33 U.S.C. §1367, the Solid Waste Disposal Act, 42 U.S.C. §6971, the Toxic Substance Control Act, 15 U.S.C. §2622, and the Energy Reorganization Act, 42 U.S.C. §5851.  In that proceeding before the DOL, Seetharaman contends that Stone & Webster, Inc. and a host of other entities (not parties here) terminated his employment because he engaged in protected activity under the above statutes.[1]

Seetharaman and Stone & Webster, Inc. tried that matter for fourteen separate days over a one-year period before an administrative law judge (the "ALJ").  The record, which consists of 2752 pages of trial testimony and 160 exhibits, closed on April 20, 2005.  The parties are awaiting a decision from the ALJ.  Resolution of that matter before the DOL likely will affect

---

[1]      In this civil action Seetharaman alleges that Stone & Webster terminated his employment in violation of M.G.L. c.151B because of his (1) national origin, (2) race, (3) color, (4) age, and (5) handicap.  He also asserts claims for wrongful discharge in violation of public policy, violation of his civil rights under M.G.L. c.12, §§11H and I, violation of Article XLIX of the Massachusetts Constitution and for conspiracy in violation of 42 U.S.C. §1985.

this civil action either by having preclusive effect or by impacting the extent and areas of discovery.

2.      The parties' proposed discovery plans;

3.      The parties' proposed schedule for filing motions and establishing deadlines for other events in the litigation; and

4.      The issue of settlement.

III.    **DISCOVERY PLAN**

A.      **Discovery to commence following the ALJ's decision**.

Seetharaman and Stone & Webster propose that discovery commence immediately following their receipt of a decision from the ALJ in the matter pending before the DOL.[2] Commencing discovery following the ALJ's decision will avoid needless and costly discovery of areas affected and/or resolved by the ALJ's decision.

Assuming discovery is stayed pending the ALJ's decision, Seetharaman and Stone & Webster differ only as to the proposed length of time for discovery.  Seetharaman proposes nine months for discovery while Stone & Webster believes that six months is sufficient time to complete discovery.  In light of those differences, Seetharaman and Stone & Webster propose the following discovery schedule.

1.      The parties will comply with their initial disclosure obligations under Fed. R. Civ. P. 26(a)(1) and LR, D. Mass. 26.2(A) by July 27, 2005, the time period required by Fed. R. Civ. P. 26(a)(1) and (f) and LR, D. Mass. 26.2(A).

---

[2]      Under this proposed schedule, Seetharaman and Stone & Webster jointly will apprise the Court of the date of their receipt of the ALJ's decision.

2.    They will complete discovery within six months (Stone & Webster's proposal) or nine months (Seetharaman's proposal) following their receipt of the ALJ's decision.  The discovery event limitations in LR, D. Mass. 26.1(C) will govern.

3.    Seetharaman and Stone & Webster will disclose the identity of any person who may be used affirmatively at trial to present evidence under Fed. R. Evid. 702, 703 or 705 within three months of their receipt of the ALJ's decision.  Within four months of their receipt of the ALJ's decision, Seetharaman and Stone & Webster will disclose the identity of any person who may be used at trial to present evidence under Fed. R. Evid. 702, 703 or 705 intended to contradict or rebut evidence on the same subject matter timely disclosed by the other party.

4.    The parties will serve interrogatories, requests for production of documents and requests for admissions at any time up to the six-month (Stone & Webster's proposal) or nine-month (Seetharaman's proposal) discovery deadline.

5.    Discovery, including the completion of all depositions, will conclude within six months (Stone & Webster's proposal) or nine months (Seetharaman's proposal) following receipt of the ALJ's decision.

B.    **<u>Discovery to commence immediately</u>**.

In the alternative, if discovery is to commence immediately, then Seetharaman advocates nine months of discovery while Stone & Webster contends the time for discovery should be limited to six months.  Seetharaman and Stone & Webster thus propose the following discovery schedules.

**Seetharaman's proposal:**

1.      Seetharaman and Stone & Webster will comply with their initial disclosure obligations under Fed. R. Civ. P. 26(a)(1) and LR, D. Mass. 26.2(A) by July 27, 2005, the time period required by Fed. R. Civ. P. 26(a)(1) and (f) and LR, D. Mass. 26.2(A).

2.      Seetharaman proposes to complete discovery by April 27, 2006, which is nine months after the Scheduling Conference (assuming that responses to discovery requests are timely and motions to compel are unnecessary).  The discovery event limitations in LR, D. Mass. 26.1(C) will govern.

3.      Seetharaman and Stone & Webster will disclose the identity of any person who may be used affirmatively at trial to present evidence under Fed. R. Evid. 702, 703 or 705 by October 28, 2005.  By November 28, 2005, Seetharaman and Stone & Webster will disclose the identity of any person who may be used at trial to present evidence under Fed. R. Evid. 702, 703 or 705 intended to contradict or rebut evidence on the same subject matter disclosed by the other party by October 28, 2005.

4.      The parties will serve interrogatories, requests for production of documents and requests for admissions at any time up to the April 27, 2006 discovery deadline.

5.      Discovery, including the completion of all depositions, will conclude by April 27, 2006.

**Stone & Webster's proposal:**

1.      Seetharaman and Stone & Webster will comply with their initial disclosure obligations under Fed. R. Civ. P. 26(a)(1) and LR, D. Mass. 26.2(A) by July 27, 2005, the time period required by Fed. R. Civ. P. 26(a)(1) and (f) and LR, D. Mass. 26.2(A).

2.      Stone & Webster believes that discovery can be undertaken rather expeditiously and proposes to complete discovery by January 27, 2006, which is six months after the Scheduling Conference (assuming that responses to discovery requests are timely and motions to compel are unnecessary).  The discovery event limitations in LR, D. Mass. 26.1(C) will govern.

3.      Seetharaman and Stone & Webster will disclose the identity of any person who may be used affirmatively at trial to present evidence under Fed. R. Evid. 702, 703 or 705 by October 28, 2005.  By November 28, 2005, Seetharaman and Stone & Webster will disclose the identity of any person who may be used at trial to present evidence under Fed. R. Evid. 702, 703 or 705 intended to contradict or rebut evidence on the same subject matter disclosed by the other party by October 28, 2005.

4.      The parties will serve interrogatories, requests for production of documents and requests for admissions at any time up to the January 27, 2006 discovery deadline.

5.      Discovery, including the completion of all depositions, will conclude by January 27, 2006.

## IV.    **PHASED DISCOVERY**

Given the relatively brief timeframe that the parties have proposed in which to conduct discovery and in light of the nature of the factual issues, Seetharaman and Stone & Webster do not believe that phased discovery is desirable or necessary.

## V.    **PROPOSED SCHEDULE FOR FILING MOTIONS**

Seetharaman and Stone & Webster suggest that the Court establish a schedule requiring the parties to serve and file any motions to amend the pleadings or to add parties by August 26, 2005.  They further propose that dispositive motions, including those under Fed. R. Civ. P. 56, be served and filed no later than six weeks following the close of discovery (whether discovery is

allowed for a period of six months or nine months) in the event that the commencement of discovery is tied to receipt of the ALJ's decision.  In the alternative, if discovery commences immediately, then Seetharaman proposes that dispositive motions, including those under Fed. R.Civ. P. 56, be served and filed by June 15, 2006.  In that scenario, Stone & Webster proposes that dispositive motions, including those under Fed. R. Civ. P. 56, be served and filed by March 14, 2006.

## VI.    CONSENT TO TRIAL BY MAGISTRATE JUDGE

The parties do not consent to trial by a magistrate judge.

## VII.    CERTIFICATIONS SIGNED BY COUNSEL, THE PARTIES AND AN AUTHORIZED REPRESENTATIVE OF STONE & WEBSTER

Attached are certifications signed by counsel, Seetharaman and an authorized representative of Stone & Webster pursuant to LR, D. Mass. 16.1(D)(3)(a) and (b).

| | |
|---|---|
| Plaintiff, | Defendants, |
| RAMACHANDRAN SEETHARAMAN, | STONE & WEBSTER, INC., JOE GREEN, NICK ZERVOS, DAVID EDWARDS AND JOHN MARTIN, |
| By his attorney, | By their attorneys, |
| /s/ Howard I. Wilgoren | /s/ Kevin P. Sweeney |
| Howard I. Wilgoren, BBO No. 527840 6 Beacon Street, Suite 700 Boston, Massachusetts  02108 (617) 523-5233 | Paul J. Murphy, BBO No. 363490 Kevin P. Sweeney, BBO No. 548761 Menard, Murphy & Walsh LLP 60 State Street - 34th Floor Boston, Massachusetts  02109 (617) 832-2500 |

Dated:  July 20, 2005

G:\S\Stone & Webster\Seetharaman Civil Action\Pleadings\U.S.D.C\Joint Statement (2).doc

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

```
*************************************  *
RAMACHANDRAN SEETHARAMAN,            *
                Plaintiff            *
                                     *
vs.                                  *
                                     *
STONE & WEBSTER, INC., a             *
Subsidiary of SHAW GROUP, INC.,      *          CIVIL ACTION NO.
JOE GREEN, NICK ZERVOS,              *          1:05-CV-11105-RWZ
DAVID EDWARDS AND JOHN               *
MARTIN                               *
                Defendants           *
                                     *
*************************************
```

**PLAINTIFF'S CERTIFICATION PURSUANT TO LOCAL RULE 16**

Pursuant to Local Rule 16.1(D) (3) Ramachandran Seetharaman and his counsel affirm that they have conferred:

1.  With a view to establishing a budget for the costs of conducting the full course, and various alternative courses of the litigation; and

2.  To consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

Respectfully submitted,
RAMACHANDRAN SEETHARAMAN
By His Attorney,


S, Ramachandran Seetharaman           s/Howard I. Wilgoren
RAMACHANDRAN SEETHARAMAN              HOWARD I. WILGOREN, ESQ.
Plaintiff                            6 Beacon St., Suite 700
                                     Boston, MA 02108
                                     (617) 523 - 5233
                                     BBO No. 527840

Dated: July 18, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RAMACHANDRAN SEETHARAMAN )
                 Plaintiff, )
                              )
                              )
v.                            )
                              )         CIVIL ACTION NO.
STONE & WEBSTER, INC., a subsidiary )   1:05-CV-11105 RWZ
of SHAW GROUP, INC., JOE GREEN, )
NICK ZERVOS, DAVID EDWARDS )
AND JOHN MARTIN,              )
                 Defendants.  )

## CERTIFICATION OF AUTHORIZED
## REPRESENTATIVE OF ALL DEFENDANTS

I, E. Kenneth Jenkins, Esquire, ECM Division Counsel for defendant Stone & Webster,

Inc. and the authorized representative for all defendants in this matter, hereby certify that I have

conferred with Kevin P. Sweeney, defendants' attorney:

   a.     with a view to establishing a budget for the costs of conducting the full-course --

and various alternative courses -- of the litigation; and

   b.     to consider the resolution of the litigation through the use of alternative dispute

resolution programs such as those outlined in LR, D. Mass. 16.4.

Signed under the penalties of perjury this 15th day of July 2005.

_____
E. Kenneth Jenkins

6637.27\Stone\seeitharaman civil action\Pleadings\U.S.D.C.\certification - jenkins.doc

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAMACHANDRAN SEETHARAMAN ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 1:05-CV-11105 RWZ |
| STONE & WEBSTER, INC., a subsidiary ) | |
| of SHAW GROUP, INC., JOE GREEN, ) | |
| NICK ZERVOS, DAVID EDWARDS ) | |
| AND JOHN MARTIN, ) | |
| Defendants. ) | |

## CERTIFICATION OF COUNSEL

I, Kevin P. Sweeney, attorney for defendants, hereby certify that I have conferred with E. Kenneth Jenkins, Esquire, Stone & Webster, Inc.'s ECM Division Counsel, and the authorized representative of all defendants in this matter:

a.      with a view to establishing a budget for the costs of conducting the full-course -- and various alternative courses -- of the litigation; and

b.      to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in LR, D. Mass. 16.4.

Signed under the penalties of perjury this 18th day of July 2005.

/s/ Kevin P. Sweeney

Kevin P. Sweeney